UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
EVANSVILLE DIVISION

| | |
|---|---|
| STEPHEN MURPHY, | ) |
|            Plaintiff, | ) |
|            v. | )  No. 3:20-cv-00116-RLY-MPB |
| SUZANNE MURPHY, VANDERBURGH COUNTY PROSECUTING ATTORNEY, | ) |
|            Defendants. | ) |

**ENTRY OF MOTION TO REMAND AND RESPONSE TO NOTICE OF REMOVAL**

This case began as a divorce and child custody case in the Vanderburgh County Superior Court on June 29, 2016. After adverse orders from multiple trial court judges, an unsuccessful appeal, and a denied petition to transfer, Plaintiff, Stephen Murphy ("Stephen"), filed a Notice of Removal on May 18, 2020. (Filing No. 1). Defendant, Suzanne Murphy ("Suzanne"), filed a Motion to Remand on May 20, 2020. (Filing No. 4). Because Plaintiff may not remove this action to federal court, the court **GRANTS** Defendant's Motion to Remand.

**I.    Background**

Stephen and Suzanne divorced in 2016. Before the trial began, all Vanderburgh County judges recused themselves and Judge Brent Almon was appointed as a special judge. On February 23, 2017, Stephen moved for a change of judge. Judge Almon granted the motion and Judge Robert Krieg was then appointed as special judge. Over

1

the next several months, Stephen filed several motions to modify child support, all of which were denied. The final hearing on the dissolution of marriage was held on February 27, 2018. Stephen alleges numerous incidents of misconduct occurred during this hearing, including Suzanne committing perjury and improper coordination between the judge and opposing counsel. Following this initial hearing, Stephen filed a Motion to Modify Dissolution Decree and again moved for a change of judge.

Over the following months, this action saw three different special judges, a CHINS action, contempt proceedings against Stephen for failure to pay child support, and multiple motions by Stephen seeking to modify child support and custody arrangements. In February 2019, Stephen filed a notice of appeal and the Indiana Court of Appeals affirmed the parenting time arrangement. The Indiana Supreme Court denied transfer in January 2020.

Throughout these proceedings, Stephen claims numerous violations of his constitutional rights. He alleges the Indiana Supreme Court, the Indiana Court of Appeals, and all the trial court judges have been so severely compromised that lawful and constitutional proceedings are not possible. He also claims the orders issued by these courts, as well as the actions by Suzanne, her attorney, and the Vanderburgh County Deputy Prosecuting Attorney demonstrate an increasingly aggressive conspiracy designed to strip Stephen of his constitutional rights, including his right to parenting time. Believing the Indiana state courts are so compromised that he is unable to vindicate his constitutional rights, Stephen seeks removal to federal court.

II.     **Discussion**

The analysis begins and ends with a review of the removal statutes. "These statutory procedures for removal are to be strictly construed." *Syngenta Crop Prot., Inc. v. Henson*, 537 U.S. 28, 32 (2002) (citations omitted). A civil action brought in a state court "may be removed *by the defendant or the defendants*" to the federal district court embracing the place where the state action is pending. 28 U.S.C. § 1441 (emphasis added). To remove a civil action, *"[a] defendant or defendants* desiring to remove any civil action from a State court" must file a notice of removal with the appropriate federal district court. 28 U.S.C. § 1446(a). The notice of removal must be filed within 30 days "*after the receipt by the defendant*, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based . . . ." 28 U.S.C. § 1446(b) (emphasis added).

Stephen turns to 28 U.S.C. § 1441(c) as a basis for jurisdiction. Under that provision, if a civil action includes (1) a claim arising under the Constitution or federal law, and (2) a claim not within the district court's original or supplemental jurisdiction, the entire action may be removed and the district court shall sever and remand all claims that fall outside the court's jurisdiction. *Id.* But, again, the statute only contemplates defendants: "Only defendants against whom a claim described in paragraph (1)(A) has been asserted are required to join in or consent to the removal under paragraph (1)."

As these statutes make clear, removal is only available to state court defendants. *See Chicago, R.I. & P.R. Co. v. Stude*, 346 U.S. 574, 580 (1954); *see also Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 107 (1941) (holding plaintiffs cannot remove a case, even when they are in the posture of defendants based on a counterclaim asserted

3

against them.).  Because Stephen is the petitioner in the underlying state court case, removal is improper.

Under 28 U.S.C. § 1447(c), an order remanding a case may require payment of costs and expenses incurred as a result of the removal.  Because 28 U.S.C § 1447(c) is a fee-shifting statute, defendant as the prevailing party is presumptively entitled to recover attorneys' fees and costs incurred in litigating this matter.  *Garbie v. DaimlerChrysler Corp.*, 211 F.3d 407, 411 (7th Cir. 2000).  Because removal in this case is improper under settled law, the court awards Suzanne reasonable costs and attorney fees incurred to file her response.  Defendant shall submit an affidavit detailing costs and attorney fees within 14 days of this Order.

Defendant's Motion to Remand (Filing No. 4) is **GRANTED**.  The Clerk is directed to **REMAND** this cause to the Vanderburgh County Superior Court.
**SO ORDERED** this 3rd day of June 2020.

                                                                        RICHARD L. YOUNG, JUDGE
                                                                        United States District Court
                                                                        Southern District of Indiana

Distributed Electronically to Registered Counsel of Record.